STATE OF NORTH DAKOTA                            IN DISTRICT COURT
COUNTY OF WILLIAMS                       NORTHWEST JUDICIAL DISTRICT

|  |  |  |
|---|---|---|
| **STEPHANIE STEIN,** | : | |
| | : | |
| Plaintiff | : | **SUMMONS** |
| | : | |
| vs. | : | Civil No. |
| | : | |
| **RODNEY SPENDLOVE and SHERMAN XPRESS, LLC,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

### THE STATE OF NORTH DAKOTA TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to appear and defend against the Complaint and Demand for Jury Trial in this action, which is or will be filed with the Clerk of District of Court and which is herewith served upon you, by serving upon the undersigned an Answer or other proper response within twenty-one (21) days after the service of this Summons upon you, not including the day of service. If you fail to do so, default judgment will be taken against you for the relief demanded in the Complaint.

DATED this 17th day of September 2017.

**LOWE LAW GROUP**

/s/ Sara J. Gerving
Sara J. Gerving (ND ID No. 06321)
Eric Hinckley (ND ID No. 07766)
418 E. Broadway Ave., Ste. 10
Bismarck, ND 588=501
Phone: 701.343.3333
Fax: 855-671-5858
sara@lowelawgroup.com
eric@lowelawgroup.com
Attorneys for Plaintiff



EXHIBIT
A

STATE OF NORTH DAKOTA
COUNTY OF WILLIAMS

IN DISTRICT COURT
NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| STEPHANIE STEIN, | |
| Plaintiff | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | Civil No. |
| **RODNEY SPENDLOVE and SHERMAN XPRESS, LLC,** | |
| Defendants. | |

[¶1]    COMES NOW Plaintiff, Stephanie Stein, by and through her counsel of record, the Lowe Law Group, for her causes of action and claims for relief against the Defendants, Rodney Spendlove and Sherman Xpress, LLC.  Upon information and belief, Plaintiff alleges and avers as follows:

### PARTIES, JURISDICTION AND VENUE

[¶2]    At the time of the incident alleged herein, Plaintiff, Stephanie Stein (hereinafter "Plaintiff" or "Ms. Stein") was a resident of Flathead County, Montana.

[¶3]    Upon information and belief, Defendant Rodney Spendlove (hereinafter "Defendant Spendlove" or Mr. Spendlove") was a resident of the consolidated city-borough of Anchorage, Alaska.

[¶4]    Upon information and belief, Defendant Sherman Xpress LLC (hereinafter "Sherman Xpress") is a foreign limited liability corporation doing business in Williston, Williams County, North Dakota.

[¶5]    The cause of action pleaded herein occurred in Williams County, North Dakota, therefore Venue is proper pursuant to N.D.C.C. 28-04-03.1.

[¶6]    This Court has jurisdiction over the above-named parties and over the subject matter of this action.

## FACTS

[¶7]    On or around May 23, 2017, Ms. Stein was traveling northbound on Dakota Parkway and stopped at a red light at the intersection of Dakota Parkway and 11th Ave W. in Williston, ND.

[¶8]    Ms. Stein was driving her Ford truck with a bumper pull horse trailer.

[¶9]    Behind Ms. Stein, also stopped at the light, was a vehicle driven by Modesto Garcia.

[¶10]   At or about the same time, as Mr. Spendlove was in the course and scope of his employment with Sherman Xpress LLC, Mr. Spendlove approached the intersection in his semi tractor-trailer, also traveling northbound on Dakota Parkway.

[¶11]   As he approached the intersection, Mr. Spendlove failed to observe Ms. Stein's and Mr. Garcia's vehicles stopped at the stoplight and failed to slow down or stop.

[¶12]   As a result, Mr. Spendlove struck Mr. Garcia's vehicle in its rear, pushing it off to the right side.

[¶13]   Mr. Spendlove's semi-truck continued forward and collided Ms. Stein's horse trailer.

[¶14]   The impact caused the trailer to hit the truck and detach from the truck hitch, totaling the trailer and bending the frame of the truck.

[¶15]   Upon impact, Ms. Stein's body was thrown about within the vehicle.

[¶16]   As a direct and proximate result of Defendant Spendlove's negligent and careless operation of his vehicle, Plaintiff suffered significant bodily injuries and economic damages for

which she should be compensated.

## COUNT ONE- NEGLIGENCE OF DEFENDANTS SPENDLOVE

[¶17] Plaintiff re-alleges all preceding paragraphs and incorporate them by reference as if fully set forth herein.

[¶18] Defendant Spendlove owed a duty of reasonable care to Plaintiff in the operation of his motor vehicle and breached that duty when Defendant Spendlove failed to operate his vehicle in a safe, reasonable, and prudent manner.

[¶19] The negligent and careless acts of Defendant Spendlove were the direct and proximate cause of the collision between the three vehicles.

[¶20] As a direct and proximate result of Defendant Spendlove's negligence, Plaintiff sustained serious bodily injuries, which have caused her great pain, discomfort, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶21] As a direct and proximate result of Defendant Spendlove's negligence, Plaintiff has incurred medical expenses, the exact amount to be proven at trial, and Plaintiff may yet incur future medical expenses.

[¶22] As a direct and proximate result of Defendant Spendlove's negligence, Plaintiff has suffered severe emotional and mental distress.

[¶23] As a direct and proximate result of Defendant Spendlove's negligence, Plaintiff has suffered general damages in an amount to be proven at trial.

[¶24] As a direct and proximate result of Defendant Spendlove's negligence, Plaintiff has suffered lost earnings and loss of earning capacity in an amount to be proven at trial.

[¶25] As a direct and proximate result of Defendant Spendlove's negligence, Plaintiff has suffered lost earnings and loss of earning capacity in an amount to be proven at trial.

[¶26]  As a direct and proximate result of Defendant Spendlove's negligence, Plaintiff has incurred, and will incur in the future, travel expenses in an amount to be proven at trial.

### COUNT TWO—RESPONDEAT SUPERIOR

[¶27] Plaintiff incorporates all preceding paragraphs herein and further alleges the following.

[¶28] At all relevant times, Mr. Spendlove was acting within the course and scope of his employment with Sherman Xpress.

[¶29] At the time of the negligence alleged herein, Mr. Spendlove was acting as an agent of and at the direction of Sherman Xpress.

[¶30] Sherman Xpress is vicariously liable for Defendant's negligence under the doctrine of *Respondeat Superior*.

### COUNT THREE- NEGLIGENT HIRING, SUPERVISION & TRAINING
### OF DEFENDANT SHERMAN XPRESS

[¶31]  Plaintiff re-alleges all preceding paragraphs and incorporates them by reference as if fully set forth herein.

[¶32]  Defendant Sherman Xpress had a duty of reasonable care in the selection, hiring, retention, training, and supervision of its employees, including but not limited to Defendant Spendlove.

[¶33]  Sherman Xpress breached this duty, and this breach was the proximate cause of Plaintiffs' injuries and damages.

### COUNT FOUR – NEGLIGENCE OF DEFENDANT SHERMAN XPRESS

[¶34]  Plaintiff re-alleges all preceding paragraphs and incorporates them by reference as

if fully set forth herein.

[¶35]   Defendant Sherman Xpress had a duty to provide its employees with the proper training, equipment, and tools necessary to complete all duties in a manner which prevented foreseeable risks of injury to other persons.

[¶36]   Defendant Sherman Xpress endorsed, ratified, or permitted to continue, unsafe work practices of its employees, which created a foreseeable risk of injury to foreseeable plaintiffs.

[¶37]   Defendant Sherman Xpress' work practices violated applicable rules and regulations, industry standards, and breached the standard of reasonable care.

[¶38]   As a result of these violations and breach of duty, Plaintiff suffered injuries and damages as stated herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant Rodney Spendlove, and respectfully requests that this Court enter judgment in the Plaintiff's favor as follows:

[¶39]   Recovery of damages of a reasonable sum but not less than $50,000.00 for past and future pain, suffering, inconvenience, physical impairment, mental anguish, emotional distress, and other non-pecuniary damages suffered by Plaintiff as allowed by North Dakota law;

[¶40]   Recovery of damages of a reasonable sum but not less than $50,000.00 for past economic loss, including but not limited to medical expenses both past and future, lost wages and lost earning capacity, suffered by Plaintiff;

[¶41]   Recovery of damages of a reasonable sum but not less than $50,000.00 for future economic loss and medical expenses to be incurred by Plaintiff;

[¶42]   Costs and disbursements of this action;

[¶43]   Interest; and

[¶43]   For such other and further relief as this Court may deem just and equitable.

## JURY DEMAND

[¶45]   Plaintiff requests trial by jury on all counts and issues pleaded herein.

DATED this 17th day of September, 2018.

**LOWE LAW GROUP**

<u>Sara J. Gerving</u>
Sara J. Gerving (ND ID No. 06321)
Eric Hinckley (ND ID No. 07766)
418 E. Broadway Ave., Suite 10
Bismarck, ND 58501
Phone: 701.343.3333
sara@lowelawgroup.com
eric@lowelawgroup.com
Attorneys for Plaintiff
